**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

DARRYL ROBINSON, et al.,

         **Plaintiffs,**

    -against-

**TOP OF THE LINE BROOKLYN, INC., et al.,**

         **Defendants.**

----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __ 1/26/2018

**16-CV-6152 (VSB)(SN)**

<u>ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

   Defendants Morvary LLC ("Morvary"), Signature Investment Group ("SIG") and Manny Shurka ("Shurka") (collectively, the "Defendants") move to compel the Plaintiffs to respond to interrogatories and discovery demands. ECF No. 69. Plaintiffs have responded, in part by agreeing to amend otherwise deficient responses, and in part by objecting to the discovery demand.

   This case alleges violations of the Fair Labor Standards Act and New York Labor Law. It is brought by four former employees of Tip Top Car Wash (the "Car Wash"), who worked at the Car Wash at different periods but from at least June 2014 through 2016. The Plaintiffs have sued several individuals but only certain defendants have appeared. The Defendants who brought this motion have answered the complaint but deny that they are Plaintiffs' employer. Rather, they contend that they are merely the landlord of the property on which the Car Wash was located. (They refer to themselves in their motion as the "Landlord Defendants"; to avoid any prejudgment, they are referred to herein simply as Defendants). Other defendants – Top of the Line Brooklyn, Inc., Top of the Line One, Inc., Top of the Line Car Wash, Inc. – have failed to

appear. Defendant Michael Ayngorn, allegedly a co-owner and manager of the Car Wash, has appeared pro se. The Car Wash is closed.

## I.      Interrogatories

Plaintiffs must individually verify their responses to the interrogatories. See Fed. R. Civ. P. 33(b)(1)(A), (5). Plaintiffs have agreed to amend their answers to Interrogatory Nos. 3-5, 7-11, 15 and 21. Plaintiffs' original responses to these interrogatories were evasive, and the Plaintiffs are directed to answer the question directly as required by Rule 33. For the avoidance of doubt, Plaintiffs may not modify the interrogatory and respond to a different question (e.g., in interrogatory that asks "who . . . interviewed you" for the job, plaintiffs may not answer who had "control" over hiring). Plaintiffs' amended, verified Interrogatory responses shall be served no later than February 2, 2018.

## II.     Demands for Document Production

Plaintiffs have agreed to produce documents responsive to Demand Nos. 21 (IRS Form W-2's) and 25 (communications between Plaintiffs and Car Wash employees).

Plaintiffs have agreed to produce documents responsive to Demand Nos. 28 and 30 with reasonable modification. Document Demand No. 28 seeks all documents "relating to any administrative, civil, criminal, regulatory or other proceeding, lawsuit, investigation or inquiry in which Plaintiffs are or were a party or in which Plaintiffs testified voluntarily or were subpoenaed to testify." Document Demand No. 30 seeks "[e]ach and every affidavit, certification affirmation, deposition, trial testimony or other statement under oath given at any time by each and every witness whom you expect to call to testify in this matter, together with all attachments, exhibits or other supporting Documents." Plaintiffs have agreed to produce documents that are relevant to this action, and have produced affidavits from their related proceeding before the

National Labor Relations Board ("NLRB"). The Defendants argue that these demands seek "basic . . . pedigree information," which may be relevant to Plaintiffs' credibility. I disagree. Demand Nos. 28 and 30 are patently overbroad and disproportionate to the needs of the case. Plaintiffs must produce documents responsive Demand No. 28 that concern their employment at the Car Wash or that concern Plaintiffs' prior employment dating back five years from the date they started employment at the Car Wash. Plaintiffs' objection to Demand No. 30 is sustained.

Plaintiffs object to Demand No. 20, which seeks "[c]opies of each Plaintiff's Federal and State Tax Returns for the years 2009 to present." At the outset, Defendants offer no explanation for why they would be entitled to such sensitive documents for the entire period 2009-2018, when the Plaintiffs worked at the Car Wash only from 2014-2016. This overreach affects the Court's consideration of the Defendants' legitimate need for these documents. Defendants contend that tax returns (and W-2s, which the Plaintiffs *have* agreed to produce) will identify the Plaintiffs' employer, the length of employment and whether the Plaintiff had multiple jobs (which would bear on the hours worked for defendants). The Defendants further contend that this information is particularly important because the Car Wash has defaulted and Defendants do not believe they will have other access to this type of information.

While income tax returns are not inherently privileged, "courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (citing Uto v. Job Site Services Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010)). In order for a court to compel discovery of income tax returns, a two-pronged test must be met: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling

need for the returns because the information contained therein is not otherwise readily

obtainable." Securities and Exchange Commission v. Cymaticolor Corp., 106 F.R.D. 545, 547

(S.D.N.Y. 1985.) "Modern courts tend to place the burden on the party seeking discovery to

demonstrate both relevancy and a compelling need." Rosas, 127 F. Supp. 3d at 11 (citing cases).

   Plaintiffs have already agreed to produce W-2s for the relevant period. Defendants have

not met their burden of establishing that tax returns for the 2014-2016 period will provide

additional relevant information unavailable by their W-2. Certainly neither document will

disclose the hours plaintiffs worked or their hourly rate of pay, and Defendants may question

Plaintiffs about other employers during the same period if they wish. Accordingly, Plaintiffs'

objections are sustained.

   Document Demand No. 22 seeks copies of Plaintiffs' driver's licenses, and Document

Demand No. 29 seeks documents that "relate or refer to any criminal investigations, arrests,

indictments or convictions of Plaintiffs." Both of these demands seek irrelevant information and

Defendants have not offered any legitimate basis to seek such information. Plaintiffs' objections

are sustained. To the extent any party has been convicted of crime that could be used for

impeachment pursuant to Federal Rule of Evidence 609, they must make such disclosures.

   Plaintiffs have responded to certain discovery demands by suggesting that they are

relying on "publicly available documents" but have refused to disclose or identify such

documents. Although ordinarily, the plaintiffs would be under no obligation to provide the

Defendants with documents that are publicly available, under the circumstances of this case,

such position is unfair. Defendants contend that they are not Plaintiffs' employer. Plaintiffs

respond that, based in part on publicly available information, they will establish Defendants'

employer-status. To avoid unfair surprise and to provide an opportunity for Defendants to rebut

such claims, the Plaintiffs must produce the documents they are relying upon for this assertion. Absent a showing of undue burden, the Plaintiffs are ordered to produce or identify (with specificity) any publicly available documents that they tend to rely upon at summary judgment or trial.

Lastly, the parties appear to have resolved a dispute regarding the need to produce a privilege log for any documents withheld on the basis of the attorney-client privilege or work product doctrine. All parties, plainly, must provide such a log for withheld documents in compliance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

The Plaintiffs are directed to comply with this Order by Friday, February 2, 2018.

The Clerk of Court is directed to terminate the motion at ECF No. 69.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        January 26, 2018
              New York, New York