UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DARRYL ROBINSON, DERRICK PENN, TERRANCE ALLEN and PATRICK LAURENT, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>TOP OF THE LINE BROOKLYN, INC. d/b/a TIP TOP CAR WASH, TOP OF THE LINE ONE, INC., d/b/a TIP TOP CAR WASH, TOP OF THE LINE CAR WASH, INC. d/b/a TIP TOP CAR WASH, SIGNATURE INVESTMENT GROUP d/b/a SIG, MORVARY LLC, ALL STAR CAR WASH, CORP., MANNY SHURKA, and MICHAEL AYNGORN a/k/a MICHAEL AIINGORN, jointly and severally,<br><br>Defendants. | Case No.: 16 Civ. 6152 (VSB)(SN)<br><br>REVISED 10/12/18<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |
|---|---|

This Settlement Agreement and Release of Claims (together with any Exhibits attached hereto, the "Agreement") is made and executed as of August __, 2018 (the "Effective Date"), by and between Darryl Robinson ("Robinson"), Terrance Allen ("Allen"), Patrick Laurent ("Laurent"), Yves Roody Augustin ("Augustin"), Signature Investment Group ("Signature"), Morvary LLC ("Morvary") and Manny Shurka ("Shurka"). Robinson, Allen, and Laurent are hereinafter collectively referred to as "Party Plaintiffs." The Party Plaintiffs and Augustin are hereinafter collectively referred to as the "Plaintiffs." Signature, Morvary, and Shurka are hereinafter collectively referred to as the "Landlord Defendants." Each of the Plaintiffs and the Landlord Defendants are sometimes hereinafter individually referred to as a "Party" and collectively as the "Parties."

**WHEREAS**, on or about August 3, 2016, the Party Plaintiffs filed a complaint (the "Original Complaint") in an action against, *inter alia*, the Landlord Defendants in the United States District Court, Southern District of New York (the "Court"), captioned *Darryl Robinson, et al. v. Top of the Line Brooklyn, Inc., et al.*, bearing Docket Number 16-cv-06152 (the "Litigation"), alleging various violations of the Fair Labor Standards Act and the New York State wage and hour laws;

**WHEREAS**, on or about August 9, 2016, the Party Plaintiffs filed a first amended complaint (the "FAC") in the Litigation and, on or about June 9, 2017, the Party Plaintiffs filed a second amended complaint (the "SAC") (the Original Complaint, the FAC, and the SAC are collectively referred to herein as the "Complaint");

**WHEREAS**, the Landlord Defendants have filed an Answer and Affirmative Defenses (the "Answer") with the Court, denying the allegations in the Complaint, asserting numerous affirmative defenses, including that none of the Landlord Defendants had ever employed any of the Party Plaintiffs and that, therefore, the Litigation is entirely frivolous, and denying Plaintiffs' entitlement to any relief against the Landlord Defendants;

**WHEREAS**, the Party Plaintiffs' counsel in this Litigation also represents Augustin, who claims to be similarly situated to the Party Plaintiffs and expressed an interest in joining the Litigation as a plaintiff;

**WHEREAS**, the Landlord Defendants deny that Augustin has any claims against them for the same reasons as set forth in their Answer, including that none of the Landlord Defendants ever employed Augustin and that, therefore, any claim by Augustin would be frivolous;

**WHEREAS**, each of the Landlord Defendants and the Plaintiffs wish to conserve their resources and avoid the risks presented by continued litigation and to resolve and settle fully and finally all differences between them;

**WHEREAS**, by executing this Agreement, none of the Landlord Defendants admit or acknowledge any wrongdoing or liability whatsoever in connection with the Litigation and specifically deny same; and

**WHEREAS**, the Parties, all of whom have received independent legal advice in this matter, wish to settle this matter in a manner that will obviate the need for arbitration or other administrative or Court litigation between the Parties to this Agreement by providing Plaintiffs with an amount of money that will recompense Plaintiffs for any and all of their alleged claims, costs and attorneys' fees;

**NOW, THEREFORE**, for and in consideration of the mutual covenants and promises herein contained and for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Landlord Defendants shall pay to Plaintiffs, subject to the terms and conditions of this Agreement, in full and complete settlement and final satisfaction of Plaintiffs' claims and **other potential wage-and-hour related** claims against the Landlord Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-Five Thousand Dollars ($25,000) (the "**Settlement Payment**") payable within seven (7) days of the Court's approval of this fully-executed Agreement. Payment of the Settlement Payment shall be by check made payable to "Mirer Mazzocchi & Julien, PLLC" and shall be delivered to: Mirer Mazzocchi & Julien, PLLC, 150 Broadway, 12th Floor, New York, NY 10038, Attn: Ria Julien, Esq. Plaintiffs wholly acknowledge and agree that the determination of the Plaintiffs' share, counsel fees, and costs, shall be the responsibility of Plaintiffs and their counsel. An IRS Form 1099 will be issued to Mirer Mazzocchi & Julien, PLLC for this payment. The Taxpayer Identification Number for Mirer Mazzocchi & Julien, PLLC is 46-4756138.

2. Indemnification: Plaintiffs shall be solely responsible for any taxes resulting from the Settlement Payment and, in the event of an audit of any of the Landlord Defendants by any taxing authority regarding the Settlement Payment, Plaintiffs shall indemnify and hold the Landlord Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by any of the Landlord Defendants resulting from Plaintiffs' failure to pay their share of taxes on the Settlement Payment.

3. Release and Covenant Not to Sue: Plaintiffs and their heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, attorneys, agents, and insurers, and all those acting in concert with them (collectively, the "Releasing Parties") hereby irrevocably and unconditionally release and forever discharge each of the Landlord Defendants, and each of their parents, subsidiaries, divisions, affiliates, related companies, heirs, successors, assigns, present and former officers, agents, employees, directors, representatives, supervisors, and attorneys (collectively, the "Released Parties"), of and from (i) any and all claims for damages, salaries, wages, compensation, overtime compensation, earnings, back pay, monetary relief, and any other benefits of any kind, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and any similar or related wage and hour or employment laws, regulations or rules, and (ii) any and all other claims or causes of action which were asserted or could have been asserted in this Litigation to recover the amounts claimed to be due and owing to Plaintiffs in this Litigation.

4. No Other Action: Plaintiffs represent and warrant that there are no actions, claims or proceedings filed or pending by or on behalf of any of the Plaintiffs against any of the Landlord Defendants. In the event that, notwithstanding the representations contained herein, there are other actions, claims or proceedings against any of the Landlord Defendants by any of the Plaintiffs related to matters covered by the release in Paragraph 3 of this Agreement, Plaintiffs agree that this Agreement constitutes an automatic withdrawal and discontinuance with prejudice of all other actions, claims or proceedings filed or pending against any of the Landlord Defendants, that Plaintiffs shall execute such papers or documents as necessary and proper in order to have said actions, claims or proceedings immediately dismissed with prejudice, and that Plaintiffs shall not be entitled to any monetary relief, or any other relief whatsoever as the result of said actions, claims or proceedings.

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by the Landlord Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Dismissal of the Litigation or Continuing Jurisdiction: Plaintiffs shall file, no later than five (5) days after Defendants' payment of the Settlement Sum pursuant to Paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

However if Defendants fail to pay the Settlement Payment as required by Paragraph 1 of this Agreement, Plaintiffs need not file the Stipulation of Dismissal with Prejudice and may seek to reopen the Litigation.

7. Acknowledgments and Affirmations. Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party to any claim against the Landlord Defendant except for their claims in the Litigation, which they agree to the dismissal of with prejudice. The Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies. Plaintiffs' counsel represents that it does not represent any other employee similarly situated in any action against the Landlord Defendants arising from the same allegations as this Litigation.

8. Non-Disparagement: Plaintiffs represent and agree that they shall not, at any time, make any statements that are professionally and/or personally disparaging about the Landlord Defendants or the Released Parties. For the avoidance of doubt, nothing in this clause shall prevent Plaintiffs from making truthful statements about the terms and conditions of their alleged employment.

9. Response to Subpoena: Plaintiffs agree that, in the event any of the Plaintiffs are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding, or otherwise) which in any way relates to the Landlord Defendants, their alleged employment with the Landlord Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to the Landlord Defendants and, if possible, will make no disclosure until the Landlord Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

10. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and duly signed by a proper representative of Plaintiffs and the Landlord Defendants.

11. Acknowledgment: Plaintiffs and the Landlord Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

12. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following overnight mailing or email transmission thereof. Notice hereunder shall be delivered:

To Plaintiffs:

Ria Julien, Esq.
MIRER MAZZOCCHI & JULIEN, PLLC
150 Broadway, Suite 1200
New York, NY 10038

Tel: 212.231.2235
Email: rjulien@mmsjlaw.com

To the Landlord Defendants:

Andrew J. Urgenson, Esq.
Benjamin M. Rattner, Esq.
OVED & OVED LLP
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2376
Email: andrew@ovedlaw.com
brattner@ovedlaw.com

13. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

14. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

15. Release Notification and Withdrawal:

(a) Landlord Defendants advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each Party made this decision after careful thought, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

(b) Plaintiffs further acknowledge that the only consideration for signing this Agreement is the Settlement Payment set forth in this Agreement; that no other promise or agreements of any kind, whether oral, written or otherwise, have been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement; that Plaintiffs are competent to execute this Agreement; that Plaintiffs have been advised and given the opportunity to consult advisors, legal and otherwise, of Plaintiffs' own choosing; and that Plaintiffs fully understand the meaning and intent of this Agreement.

(c) The Parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties, nor by any of their agents, representatives or attorneys, with regard to the subject matter or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement. The Parties further declare that in making this Agreement they rely entirely upon their own judgment, belief and interests and the advice of their counsel.

16. Counterparts: To signify their agreement to the terms of this Agreement and General Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed via .pdf format in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.

17. Court Approval: This Agreement, and any modifications, shall not be binding without Court approval of the settlement terms.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

By the Plaintiffs:

Dated: 8/23/18 ______________________ Darryl Robinson

Dated: 8/23/18 ______________________ Terrance Allen

Dated: 8/23/18 Patrick Laurent
Patrick Laurent

Dated: 8/22/18 ______________________ Yves Roody Augustin

By the Landlord Defendants:

Dated: 8/26/18 ______________________ Manny Shurka

Dated: 8/26/18

Signature Investment Group
By: Manny Shurka, Authorized Signatory

Dated: 8/26/18

Morvary LLC
By: Manny Shurka, Authorized Signatory

STATE OF NEW YORK )
)SS.:
COUNTY OF New York )

On August 23 2018 before me personally came to me Darryl Robinson, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

EVELYN J RAXON
Notary Public, State of New York
Registration #01RA6369633
Qualified In Nassau County
Commission Expires Jan 16 2022

STATE OF NEW YORK )
)SS.:
COUNTY OF New York )

On August 23, 2018 before me personally came to me Terrance Allen, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

EVELYN J RAXON
Notary Public, State of New York
Registration #01RA6369633
Qualified In Nassau County
Commission Expires Jan 16 2022

STATE OF NEW YORK )
)SS.:
COUNTY OF New York )

On August 23, 2018 before me personally came to me Patrick Laurent, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

EVELYN J RAXON
Notary Public, State of New York
Registration #01RA6369633
Qualified In Nassau County
Commission Expires Jan 16 2022

STATE OF NEW YORK )
)SS.:
COUNTY OF New York )

On August 22 2018 before me personally came to me Yves Roody Augustin, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

EVELYN J RAXON
Notary Public, State of New York
Registration #01RA6369633
Qualified In Nassau County
Commission Expires Jan 16 2022

Notary Public

STATE OF NEW YORK )
)SS.:
COUNTY OF )

On __________, 2018 before me personally came to me Manny Shurka, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release individually and on behalf of Signature Investment Group and Morvary LLC, and duly acknowledged to me that he executed the same.

___________________
Notary Public

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL ROBINSON, DERRICK PENN, TERRANCE ALLEN and PATRICK LAURENT, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

TOP OF THE LINE BROOKLYN, INC. d/b/a TIP TOP CAR WASH, TOP OF THE LINE ONE, INC., d/b/a TIP TOP CAR WASH, TOP OF THE LINE CAR WASH, INC. d/b/a TIP TOP CAR WASH, SIGNATURE INVESTMENT GROUP d/b/a SIG, MORVARY LLC, ALL STAR CAR WASH, CORP., MANNY SHURKA, and MICHAEL AYNGORN a/k/a MICHAEL AIINGORN, jointly and severally,

Defendants.

Case No.: 16 Civ. 6152 (VSB)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO THE SETTLING DEFENDANTS**

**WHEREAS**, the plaintiffs filed a Complaint, an Amended Complaint, and a Second Amended Complaint, which asserted claims for, *inter alia*, unpaid minimum wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law;

**WHEREAS**, the plaintiffs Darryl Robinson, Terrance Allen, and Patrick Laurent (collectively, "Plaintiffs") and Defendants Signature Investment Group, Morvary, LLC, and Manny Shurka (collectively, the "Landlord Defendants") reached a settlement of Plaintiffs' claims against the Landlord Defendants through arms-length negotiations and have entered into a Settlement Agreement (the "Agreement"), formally memorializing the Plaintiffs' and Landlord Defendants' settlement;

**WHEREAS**, the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and/or time worked; and

**WHEREAS**, this Court shall retain jurisdiction to enforce the terms of this Agreement;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Plaintiffs and the Landlord Defendants, that Plaintiffs claims against the Landlord Defendants are hereby dismissed and discontinued in their entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure

**MIRER MAZZOCCHI & JULIEN, PLLC**

By:________________________
Ria Julien, Esq.
150 Broadway, Suite 1200
New York, New York 10038
Tel: 212.231.2235
*Attorneys for Plaintiffs*
~~August 26~~, 2018
October

**OVED & OVED LLP**

By:________________________
Andrew J. Urgenson, Esq.
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376
*Attorneys for Landlord Defendants*
August __, 2018

SO ORDERED

______________________________
United States District Judge